## Farley's Petition.

*Private detective—Licensing—Qualifications of applicant—Grounds for refusing license.*

1. The business of a private detective should be restricted to persons whose characters are clean and above suspicion.

2. One who has been indicted for operating an automobile while intoxicated, and arrested once for receiving a stolen car, and again for assault and battery by automobile, will be refused a license, although acquitted by the jury on the trial of the indictment and discharged by the magistrate in the other two cases.

Petition for private detective license. Q. S. Phila. Co.

*John H. Maurer*, Assistant District Attorney, for Commonwealth.

*Lewis C. Cassidy*, for applicant.

GORDON, JR., J., April 18, 1927.—This is a petition for a private detective license. The Director of Public Safety objects to the granting of the license on the ground that the petitioner has a police record of three arrests for criminal offenses, in one of which he was indicted and acquitted, while in the other two he was discharged by the magistrate. In September, 1916, he was arrested, charged with the larceny of a Ford automobile. At that time he was in the automobile business and had sold a stolen car, and he was discharged by the magistrate after he had made restitution to the owner to the extent of $50. In April, 1921, he was arrested for operating an automobile while intoxicated, and, after trial in the Quarter Sessions Court, he was acquitted. And, finally, in February, 1922, he was discharged by the magistrate after an arrest on a charge of assault and battery by automobile.

On his own behalf, the petitioner called a number of citizens who testified to his good reputation, and presented a number of letters from citizens or civic bodies certifying to his good character. He also said that he is now engaged in business as an automobile salesman, and does work of an investigating character for the Germantown Business Bureau.

Farley's Petition.

The business of a private detective has long been recognized as of such a nature that, for the public protection, it should be restricted to persons whose characters are clean and above suspicion. The licensing of those desiring to engage in it is peculiarly the subject of police regulation, and we deem any involvement with the criminal law of the gravity of that which the petitioner has experienced sufficient to warrant the refusal of a license. While it is true that, in each of the cases in which the petitioner was involved, he was either acquitted or discharged by the magistrate, and no responsibility should, therefore, be attributed to him, nevertheless, the privilege which he seeks should, in our judgment, be denied in the public interest. In addition, it may be noted that in his petition the petitioner stated, under oath, that he had never been either indicted or convicted of crime. To have misstated so vital and important a matter in his petition indicates a want of regard for the truth, either intentional or unintentional, which would make it risky and unwise to grant him the license which he seeks.

The petition is, therefore, refused.